Curt R. Hineline, Oregon Bar No. 913153
chineline@bakerlaw.com
Baker Hostetler LLP
999 Third Ave., Suite 3600
Seattle, WA 98104
Ph: (206) 332-1380
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVSION

**DAVID JOHNSON,**
**CHRIS HARRIS,**
**Individually and on behalf of other**
**customers,**

**Case No. _____**

**Plaintiffs,**

**v.**

**MARRIOTT INTERNATIONAL, INC.,**

**Defendant.**

**DEFENDANT'S NOTICE OF**
**REMOVAL [Oregon Cir. Ct.**
** No. 18-cv-54883]**
**DEMAND FOR JURY TRIAL**

Defendant Marriott International, Inc. ("Marriott"), pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, hereby removes this action from the Circuit Court for the State of Oregon for Multnomah County to the United States District Court for the District of Oregon.

A true and correct copy of the Complaint is attached as Exhibit A to this Notice. A copy of the Multnomah County Circuit Court case docket as of the date of this filing is attached as Exhibit B to this Notice. Marriott will provide written notice of the filing of this Notice to Plaintiffs and a copy of this Notice will be filed with the Clerk of the Multnomah County Circuit Court. The Notice of Filing of Notice of Removal to be filed with the Multnomah County Circuit Court is Exhibit C to this notice. Plaintiffs do not object to the removal of this case to federal Court.  (Exhibit D, Correspondence with Plaintiffs' Counsel.)

DEFENDANT'S NOTICE OF REMOVAL

The grounds for removal are as follows:

## BACKGROUND

1.       On November 30, 2018, Marriott announced a data security incident involving unauthorized access to the Starwood guest reservation database. That same day, David Johnson and Chris Harris (collectively, "Plaintiffs"), on their own behalf and on behalf of other customers, filed a putative class action complaint against Marriott in Multnomah County Circuit Court, styled *Johnson v. Marriott International, Inc.*, Case No. 18-cv-54883, alleging a single claim for negligence. (Ex. A, ¶ 11.)

2.       Plaintiffs allege they are among the 500 million similarly situated customers who made reservations at Marriott from 2014 to 2018 and whose information may have been exposed as a result of the data breach. (*Id.*, ¶¶ 2, 6.) They allege this incident subjected them "to unauthorized activity, fraudulent charges, credit harm, identify [sic] theft, and increased spam and other economic damages." (*Id.*, ¶ 8.)

3.       Plaintiffs seek relief including injunctive and equitable relief, costs, and any other relief which the court determines necessary. (*Id.*, ¶ 12.)  Plaintiffs claim this case is "part of a nationwide class action effort to allow up to $12.5 billion in fair compensation."  (*Id.*, ¶ 3.)

4.       The security incident affecting Marriott has resulted in at least 35 federal actions against Marriott in the United States, including:  *Perkins v. Marriott International, Inc.*, Case No. 1:18-cv-12477 (D. Mass.); *Kim v. Marriott International Services, Inc.*, Case No. 2:18-cv-10034 (C.D. Cal.); *Bell v. Marriott International, Inc.*, 8:18-cv-03684 (D. Md.); *Sprowl v. Marriott International, Inc.*, Case No. 8:18-cv-03691 (D. Md.); *Sundius-Rose v. Marriott International, Inc.*, Case No. 8:18-cv-03696 (D. Md.); *Tapling v. Marriott International, Inc.*, Case No. 8:18-cv-03703 (D. Md.); *Walker v. Marriott International, Inc.*, Case No. 8:18-cv-03702; *Elliot v. Marriott International, Inc.*, Case No. 8:18-cv-03700 (D. Md.); *Weinstein v. Marriott International, Inc.*,

DEFENDANT'S NOTICE OF REMOVAL -2-

Case No. 8:18-cv-03704; *McGrath v. Marriott International, Inc.*, 1:18-cv-06845 (E.D.N.Y); *Fox v. Marriott International, Inc.*, Case No. 1:18-cv-07936 (N.D. Ill.); *Barron v. Marriott International, Inc.*, Case No. 8:18-cv-03720 (D. Md.); *Dam v. Marriott International, Inc.*, Case No. 8:18-cv-03725 (D. Md.); *Taylor v. Marriott International, Inc.*, Case No. 1:18-cv-03724 (D. Md.); *Bernstein v. Marriott International, Inc.*, Case No. 8:18-cv-03726 (D. Md.); *Sisbarro v. Marriott International, Inc.*, Case No. 8:18-cv-03727 (D. Md.); *Husebo v. Marriott International, Inc.*, Case No. 5:18-cv-02545 (C.D. Cal.); *Haque v. Marriott International, Inc.*, Case No. 8:18-cv-03736 (D. Md.); *Oake v. Marriott International, Inc.*, Case No. 8:18-cv-3738 (D. Md.); *Trager v. Marriott International, Inc.*, Case No. 1:18-cv-03745 (D. Md.); *Raab v. Marriott International, Inc.*, Case No. 1:18-cv-08007 (N.D. Ill.); *Kimmel v. Marriott International, Inc.*, Case No. 3:18-cv-01983 (D. Conn.); *Dorfman v. Marriott International, Inc.*, Case No. 3:18-cv-01982; *Reynolds v. Marriott International, Inc.*, Case No. 8:18-cv-03746 (D. Md.); *Grady v. Marriott International, Inc.*, Case No. 3:18-cv-07358 (N.D. Cal.); *Turner v. Marriott International, Inc.*, Case No. 8:18-cv-03763 (D. Md.); *King v. Marriott International, Inc.*, Case No. 2:18-cv-10173 (C.D. Cal.); *Erlbaum v. Marriott International, Inc.*, Case No. 8:18-cv-03764 (D. Md.); *Braun v. Marriott International, Inc.*, Case No. 1:18-cv-25136 (S.D. Fla.); *Sciascia v. Marriott International, Inc.*, Case No. 8:18-cv-03773 (D. Md.); *Rapak v. Marriott International, Inc.*, Case No. 3:18-cv-02005 (D. Conn.); *Lavine v. Marriott International, Inc.*, Case No. 8:18-cv-03775 (D. Md.); *Notley v. Marriott International, Inc.*, Case No. 8:18-cv-03776 (D. Md.); *Crabtree v. Marriott International, Inc.*, Case No. 8:18-cv-03779 (D. Md.); *Hiteshew v. Marriott International, Inc.*, Case No. 8:18-cv-03755 (D. Md).

5.    At least two motions have been filed with the Judicial Panel on Multidistrict Litigation to transfer the federal cases to a single forum (the United States District Court for the

District of Maryland) for consolidated pretrial proceedings. *See In re: Marriott International, Inc. Data Breach Litigation*, MDL No. 2879 (Docket Nos. 1, 4). If the Panel centralizes this litigation, this case (upon removal to federal court) will become a "tag-along" action that likely will be transferred as well.

### I.    Removal is timely.

6.    Although Plaintiffs have not served Marriott with the Complaint and summons,[1] Plaintiffs filed this lawsuit on November 30, 2018 and Marriott obtained a copy shortly thereafter. Marriott timely removed this action on December 10, 2018, within thirty (30) days of the receipt of the Complaint. 28 U.S.C. § 1446(b).

7.    No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

### II.    This Court has original jurisdiction under 28 U.S.C. § 1332(d).

8.    This Court has original jurisdiction under the Class Action Fairness Act ("CAFA") because this case: (i) involves a minimal diversity of citizenship among the parties; (ii) is a putative class action with over 100 proposed plaintiff class members; and (iii) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d).

### A.    Minimal diversity of citizenship exists.

9.    Federal courts may exercise jurisdiction over a class action if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332 (d)(2)(A).

10.    Although Plaintiffs' Complaint lacks many basic facts including where Plaintiffs reside, it is assumed that at least one of the Plaintiffs is a citizen of Oregon since the Complaint

---

[1] To date Marriott has not received a copy (nor is one available on the Multnomah County Circuit Court's filing system) of the summons or civil cover sheet.

was filed in Oregon state court. Plaintiffs allege that "over 500 million people who made reservations at Marriott from 2014 to 2018" were "injured" due to the data breach. (Ex. A, ¶¶ 2, 6.) Plaintiffs do not so state, but these putative class members are presumably located around the world.

11.    Marriott is a corporation organized under the laws of Delaware with its principal place of business in Maryland. CAFA provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Nathan v. Fry's Elecs., Inc.*, 607 Fed. App'x. 623, 623 (9th Cir. 2015) (finding under CAFA that corporation is citizen of state of incorporation and state of principal place of business). Thus, Marriott is a citizen of Delaware and Maryland.

12.    Because Marriott and at least one member of the putative class are citizens of different states, CAFA's minimal diversity requirement is met in this case. *See* 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant"); *Coll v. First Am. Title Ins. Co.*, 2008 U.S. Dist. LEXIS 112855, at *13 (D.N.M. Apr. 21, 2008) ("minimal diversity" under CAFA requires "only that one plaintiff class member be diverse from one defendant"), *aff'd in part, remanded in part on other grounds*, 642 F.3d 876 (10th Cir. 2011).

**B.    Plaintiffs allege a putative class with over 100 proposed members.**

13.    Plaintiffs filed this case as a class action under Oregon Rule of Civil Procedure 32, a rule substantially similar to Federal Rule of Civil Procedure 23 that authorizes actions to be brought by one or more representative persons. *See* 28 U.S.C. § 1332(d)(1)(B). Plaintiffs allege that over 500 million customers were injured by the data breach. (Ex. A, ¶¶ 2, 6.) And Plaintiffs

DEFENDANT'S NOTICE OF REMOVAL -5-

request that "Marriott provide fair compensation that will ensure every customer affected by its data breach will not be out-of-pocket for the costs and harm caused" by the data breach. . . ." (*Id.*, ¶ 7.) Thus, the 100-person requirement in CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C.    The CAFA amount in controversy is satisfied.

14.    The final requirement for CAFA jurisdiction – that the amount in controversy exceed $5 million – is also met in this case. *See* 28 U.S.C. § 1332(d)(2).

15.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (quoting S. REP. NO. 109-14, at 43 (2005)) ("CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'"). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also* 28 U.S.C. § 1446(c)(2)(B). When the complaint is silent as to the amount demanded, the burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the required amount. *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)).

16.    Courts may consider the combined total amount of alleged actual damages and punitive damages. *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *see also* 14AA Charles A. Wright & Arthur R. Miller, Federal Practice and Procedures § 3704.2 (4th ed.) ("Thus, when CAFA applies, . . . the total amount of the claimed punitive damages are to be applied to the statute's $5 million

jurisdictional amount requirement."). The amount in controversy also includes reasonable attorney's fees, if mandated or allowed by statute or contract. *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount in controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees.").

17.     Here, Plaintiffs allege that "over 500 million customers" of Marriott over "the past four years" have been exposed to the data breach. (Ex. A, ¶ 2.)  Plaintiffs claim that this case is "part of a nationwide class action effort to allow up to $12.5 billion in fair compensation."  (*Id*., ¶ 3.)  Although Plaintiffs do not list monetary damages in their Prayer for Relief and state that "[t]his is not a request for damages" in Paragraph 11 of the Complaint, that Paragraph also states that Marriott's alleged breach of "its legal duty. . . proximately caus[ed] foreseeable economic damages. . . ." (*Id*., ¶ 11.)

18.     Thus, the amount in controversy element is satisfied in this case for purpose of jurisdiction under CAFA, and solely for that purpose.[2]

**D.     None of the CAFA exceptions apply.**

19.     CAFA's local-controversy exception applies only where plaintiffs seek "significant relief" from at least one in-state defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class," and where "during the 3-year period preceding the filing of [the] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."  28 U.S.C. §§ 1332(d)(4)(A)(i)-(ii). *See also Caruso v. Allstate Ins. Co*., 469 F. Supp. 2d 364, 371 (E.D. La.

---

[2] In filing this Notice of Removal, Marriott does not concede liability on any of the claims asserted in Plaintiffs' Complaint, or that they are entitled to recover any damages.

2007) ("The use of the conjunctive 'and' in Section 1332(d)(4)(A) makes it clear that all four of its elements must be satisfied for the 'local-controversy' exception to apply.").

20.      Similarly, the discretionary and home-state exceptions, set forth in 28 U.S.C. §§ 1332(d)(3) & (4)(B), respectively, apply "only where *all* primary defendants are citizens of the State in which the action was filed." *Coll*, 2008 U.S. Dist. LEXIS 112855, at *20-22 (emphasis in original).

21.      Here, Marriott is not a citizen of Oregon, thus these exceptions are inapplicable. (*See* Paragraph 11, *supra*.)

22.      For all of these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) and this case is removable pursuant to 28 U.S.C. § 1441(a). Removal to this Court is appropriate because this judicial district embraces the district and division in which this case was originally pending. 28 U.S.C. § 1446(a).

### III.    Reservation of rights and denial of liability.

23.      Nothing in this Notice is intended or should be construed as an express or implied admission by Marriott of any fact alleged by Plaintiffs, of the validity or merit of any of Plaintiffs' claims and allegations, or as a limitation of any of Marriott's rights, claims, remedies and defenses in connection with this action.

24.      WHEREFORE, Defendant Marriott respectfully requests that the above-captioned action now pending in the Multnomah County Circuit Court be removed to this United States District Court for the District of Oregon.

Dated: December 10, 2018                 Respectfully submitted,

                                         /s/ Curt R. Hineline
                                         Curt R. Hineline (Oregon Bar No. 913153)
                                         Baker Hostetler LLP
                                         999 Third Ave., Suite 3600
                                         Seattle, WA 98104
                                         chineline@bakerlaw.com
                                         Ph: (206) 332-1380
                                         Fax: (206) 624-7317

                                         *Attorney for Marriott International, Inc.*

DEFENDANT'S NOTICE OF REMOVAL -9-

## <u>CERTIFICATE OF SERVICE</u>

I, Curt R. Hineline, certify that on the 10th day of December, 2018, the foregoing ***Notice***

***of Removal***, was served via email on the following:

Michael Fuller
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com

Mark Geragos
Ben Meiselas
Lori Feldman
Geragos & Geragos
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, CA 90017
geragos@geragos.com
meiselas@geragos.com
lori@geragos.com

Kelly Jones
The Law Office of Kelly Jones
kellydonovanjones@gmail.com

*/s/ Curt R. Hineline*
Curt R. Hineline

DEFENDANT'S NOTICE OF REMOVAL -10-